Vincent A. Lupiano, J.
Defendants move for dismissal for legal insufficiency of each of the causes stated in the complaint, or, in the alternative, for an order striking out paragraphs EIGHTH, NINTH, TENTH, ELEVENTH and TWENTY-THIED Upon the ground that the allegations thereof are irrelevant, unnecessary and conelusory.
The plaintiff, an English corporation, is engaged in the business of manufacturing machinery and other products and by agreement with the defendant corporation the American company designated the latter the exclusive sales agent.
The first cause of action is by the plaintiff corporation against the defendant corporation and it seeks a judgment declaring the rights and relations of the parties with respect to the exclusive sales agreement and there appears to be no dispute as to the fact that the agreement exists. There is dispute as to the fact whether sufficient and proper notice of termination of the agreement has been given.
By the first cause of action the plaintiff also seeks, as incidental relief, an accounting of the defendant. It is a reasonable inference from the allegations of the complaint that the plaintiff is not in possession of a copy of the agreement, that the defendant has refused to exhibit to the plaintiff a copy thereof. The terms of the agreement are sufficiently set forth for the purpose of pleading.
The plaintiff does not seek, as defendant urges, an adjudication of the existence of a fact, but rather that proper notice of termination was given pursuant to the agreement and that the rights and relations of the parties should, accordingly, be declared and adjudged. The allegations of paragraphs eighth, *521 ninth, tenth and eleventh are, thus, appropriate to support the complaint and the allegations as to the terms of the agreement and the right to relief.
The allegations of paragraph twenty-third are also appropriate to support the claim of the plaintiff to a right to accounting under the contract and as incidental and consequential relief.
If, perchance, the allegations of the complaint do not support the declaration for which plaintiff contends, the first cause of action is, nevertheless, sufficient and warrants a declaration of the rights and relations of the parties. The cause is not dismissible merely because the plaintiff upon trial may not prevail. Since the foregoing demonstrates that the plaintiff is entitled to maintain the first cause- of action and to secure some relief, it is not dismissible.
The second cause of action is on behalf of the plaintiffs, individually, and as stockholders of the defendant corporation. By it they seek the declaration of the rights and relations of the defendants pursuant to their employment contract and, further, relief requiring the defendants to take action with respect to a certificate of amendment of the certificate of incorporation of the defendant whereby the individual defendant wrongfully and improperly secured such certificate of amendment requiring unanimity of action and consent of all of the stockholders at all meetings of stockholders with respect to all of the transactions of the corporation, including the election of directors. It is alleged that the amending certificate was executed by persons other than the stockholders. To support the institution of this derivative stockholders’ action, the plaintiffs allege that the individual defendant is the president and general manager of the defendant corporation and dominates its activities and, accordingly, a demand to institute suit would be futile. The individual plaintiffs are residents of England. The allegation of domination of the corporation by the individual defendant is sufficient.
The remedy invoked appears to be suitable for the redress of the grievances stated in the second cause of action.
In the third cause of action, which is also derivative in nature, it is alleged that the individual defendant, as employee and officer, has been faithless to his duties. By reason thereof his removal as president and general manager is in the best interest of the corporation and rests in the discretion of the board of directors notwithstanding the employment agreement to the contrary.
It is then stated that the individual plaintiffs, as stockholders of the defendant corporation, have no adequate remedy at law *522 and that it is essential to the preservation of their rights and of the rights of the defendant corporation that a judgment be entered declaring and decreeing that the removal of the defendant as president and general manager is in the best interest of the corporation and rests therefore in the discretion of the board of directors.
In this extraordinary situation in which the individual defendant is the only person in this country managing the affairs of the corporation and has, as alleged, tampered with the certificate .if incorporation affecting among other things the power of the stockholders to elect directors, relief should be left' in equity upon trial to mold its decree.
The motion is denied in all respects.